UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 4:95-CR-789 |
| vs. | ) | |
| | ) | ORDER |
| Althea C. Burton | ) | |
| | ) | |

On October 29, 2009, defendant filed a motion to reduce her sentence based on certain Guideline Amendments to section 4A1.2, which were effective November 1, 2007. (Doc. # 34).[1] Essentially, defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides in relevant part that the court may not modify a term of imprisonment once it has been imposed except that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. It appears that the amendment upon which defendant relies is Amendment 709. See USSG § 4A1.2 (2009), historical note; see also USSG App. C, Amendment 709 (2009). The effective date of Amendment 709 is November 1, 2007. Defendant was sentenced on October 2, 1996.

---

[1]The Court notes that the clerk's office mistakenly believed that this Court's Order granting defendant's reduction pursuant to the crack cocaine amendment (Doc. # 38) also addressed this motion. As this motion raises a separate issue not addressed in that Order, the Court enters this Order to address defendant's Motion to reduce her sentence filed as Doc. # 34.

1

United States Sentencing Guideline 1B1.10 provides that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2)." However, subsection (c) provides, in pertinent part: "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711 and 715." USSG § 1B1.10(c) (Supp.2008). Amendment 709 is not listed in section 1B1.10(c) and, therefore, may not be applied retroactively on a § 3582(c)(2) motion. See United States v. McCorkle, 2008 WL 2098042 (W.D. Va. 2008); United States v. McHan, 386 F.3d 620 (4th Cir.2004) (citing United States v. Armstrong, 347 F.3d 905, 909 (5th Cir.2003) ("We agree with several of our sister circuits [2d, 3d, 6th, 8th, 10th] that have established a bright-line rule that amendments in § 3582(c) motions may be retroactively applied solely where expressly listed under § 1B1.10(c) "). Thus, USSG § 1B1.10 does not warrant retroactive application of Amendment 709.

Accordingly, after careful review, the Court concludes that defendant is not entitled to relief under Guideline Amendment 709. Therefore, defendant's motion to reduce her sentence based on Guideline Amendment 709 is hereby **DENIED**. (Doc. #34).[2]

    **IT IS SO ORDERED**.

|  |  |
|---|---|
| February 16, 2010 | s/ Terry L. Wooten |
| Florence, South Carolina | Terry L. Wooten |
|  | United States District Judge |

---

[2] After review of defendant's Pre Sentence Investigation Report, the Court notes that the two criminal history points assigned would be unaffected by Amendment 709 even if it could be applied retroactively.